

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, and CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE & TRAINEE PROGRAM FUND,<br><br>Plaintiffs,<br><br>v.<br><br>FCJ REAL ESTATE DEVELOPMENT CO., INC.,<br><br>Defendant. | Case No. 07 C 4804<br><br>Magistrate Judge<br>Martin C. Ashman |

## MEMORANDUM OPINION AND ORDER

The Trustees of the Chicago Regional Council, the Chicago Regional Council of Carpenters Welfare Fund, and the Chicago Regional Council of Carpenters Apprentice & Trainee Program Fund (collectively "the Funds"), sued FCJ Real Estate Development Co., Inc. ("Defendant"), on August 24, 2007, alleging violations of Employee Retirement Income Security Act ("ERISA") § 502, 29 U.S.C. § 1132, and the Taft-Hartley Act § 301, 29 U.S.C. § 185. The Funds filed their motion for summary judgment on April 8, 2009. Defendant has not opposed the motion. The parties consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment. *See* 28 U.S.C. § 636(c) and Local Rule 73.1. For the reasons stated below, the Court grants the Funds' motion.

## I. Background

Since Defendant failed to file a Local Rule 56.1 Statement of Facts or otherwise oppose the Funds' motion for summary judgment, the Funds' Statement of Facts are deemed admitted. This case arises under ERISA § 502, 29 U.S.C. § 1132, and the Taft-Hartley Act § 301, 29 U.S.C. § 185. The Funds receive contributions from numerous employers under Collective Bargaining Agreements between the employers and the Chicago Regional Council of Carpenters, and, therefore, are multiemployer plans. (Statement of Facts ("SOF") ¶ 2.) The Funds are administered from 12 East Erie Street, Chicago Illinois. (*Id.*) In December 2001, Defendant entered into an agreement ("the Agreement") to be bound by the Collective Bargaining Agreement, which required Defendant to pay fringe benefit contributions to the Funds each month. (*Id.* at ¶ 3.) Defendant later made another agreement in May 2004 ("the Second Agreement"). (*Id.*) The Collective Bargaining Agreement requires Defendant to make contributions to the Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreement. (*Id.* at ¶ 6.) The Agreement and the Collective Bargaining Agreement also bind Defendant to the provisions of the Agreement and Declarations of Trust ("Trust Agreements"), which created the Funds. (*Id.* at ¶ 5.)

The Funds audited the books and records of Defendant to verify that it submitted all contributions for the period between January 2005 and December 2006. (*Id.* at ¶ 7.) The auditor reviewed bank statements and canceled checks; the check register, stubs, and vouchers; contribution reports to the Fund; invoices or waivers of lien payments; payroll journals or registers; Quarterly Federal Tax Returns; Quarterly Unemployment Wage Reports; Transmittal of Income and Tax Statements; and W-2 Wage and Tax Statements. (*Id.* at ¶ 7.)

This audit revealed that Defendant breached the Collective Bargaining Agreement by underpaying contributions that it owed to the Funds based upon the hours worked by its employees for the period during January 2005 through December 2006. (*Id.* at ¶¶ 8-9.) These underpayments were for work individual Carpenter members performed but Defendant failed to report. Defendant also failed to report all overtime worked. (*Id.* at ¶ 9.)

The amount owed to the Funds as a result of this breach is $127,910.05, excluding liquidated damages and interest. (*Id.* at ¶ 10.) The funds have employed the law firm of Whitefield, McGann & Ketterman to collect the money that Defendant owes. (*Id.* at ¶ 11.) Under the Collective Bargaining Agreement, Defendant must pay liquidated damages in the amount of $25,582.00, interest in the amount of $29, 991.88, and auditor fees, attorneys' fees and court costs incurred by the Funds in the collection process. (*Id.* at ¶ 12.)

## II. Discussion

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and affidavits show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court views all facts in the light most favorable to Defendant and draws all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. Not all factual disputes will preclude summary judgment; rather, a genuine issue of material fact will exist only where there is evidence such that a jury "could reasonably find for the [nonmoving party]." *Id.* The parties may not rely on mere allegations or speculation in arguing for or against summary judgment. *See*

*Argyropoulos v. City of Alton*, 539 F.3d 724, 737 (7th Cir. 2008). At the summary judgment stage, both sides must support their factual assertions with "competent evidence of a type otherwise admissible at trial." *Lewis v. City of Chicago*, 496 F.3d 645, 651 (7th Cir. 2007). The burden of production is on the nonmovant to "set forth specific facts showing a genuine issue for trial" or else face an entry of summary judgment. FED. R. CIV. P. 56(e)(2); *Warren v. Solo Cup Co.*, 516 F.3d 627, 629 (7th Cir. 2008).

In this case, Defendant has not responded to the Funds' motion for summary judgment. Defendant cannot rely on his pleadings to save it from an entry of summary judgment. Defendant has failed to make any allegations, let alone support them with competent evidence of a type otherwise admissible at trial. The Funds, by contrast, have proffered facts showing that Defendant failed to make contributions required under the Collective Bargaining Agreement by which Defendant was bound. Based on the evidence presented, no reasonable jury could find for Defendant. Thus, there are no genuine issues of material fact and judgment should be granted in Defendant's favor as a matter of law. Under the collective bargaining agreements and relevant law, the Funds are entitled to a mandatory award of interest, liquidated damages, auditor fees, attorneys' fees, and costs. 29 U.S.C. § 1132(g)(2); *Laborers Heath and Welfare Trust Fund v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 547 (1989).

### III. Conclusion

For the aforementioned reasons, the Court grants the Funds' motion for summary judgment. The Court orders Defendant to pay the funds the amount of $127,910.05 for the loss suffered from Defendant's breach. The Court also orders Defendant to pay the Funds liquidated

damages in the amount of $25,582.00, interest in the amount of $29,991.88, and auditor fees, attorneys' fees, and court costs incurred by the Funds in the collection process. Thus, Court enters a judgment in favor of the Funds for the total amount of $183,483.93, plus costs and fees. The Funds may file a petition for costs and fees within fourteen days.

**ENTER ORDER:**

*[Signature]*

**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: May 27, 2009.